# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EARNEST OLIVER HEARING, JR., | :: | HABEAS CORPUS |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:05-CR-0593-RWS-ECS-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:09-CV-0413-RWS |

## **ORDER**

This matter is now before the Court for consideration of Movant Earnest Oliver Hearing, Jr.'s motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 45), and the government's response (Doc. 48).

## I. PROCEDURAL HISTORY

A federal grand jury indicted Movant for: possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(C) ("Count One"); two counts of possession of a firearm by a convicted felon, in violation 18 U.S.C. § 922(g)(1) ("Counts Two and Four"); two counts of using or carrying a firearm during drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(C) ("Counts Three and Seven"); possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) ("Count Five"); possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(C) ("Count Six"); and possession of a silencer not registered to the defendant, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 ("Count Eight"). (Doc. 1). Movant pled guilty to Counts One and Eight, pursuant to a negotiated plea agreement. (Doc. 15). In exchange, the Government agreed to dismiss the remaining six charges against Movant. (Id. at 3). The parties agreed to recommend a ten-year sentence on Count Eight and a consecutive five-year sentence on Count One. (Id.). Movant acknowledged that no other agreements, promises, representations, or inducements had been made to him other than those contained in the signed agreement. (Id. at 6-7; Doc. 26 at 12).

The Court sentenced Movant to the parties' recommended sentence; i.e., 60 months of imprisonment on Count One and a consecutive 120 months of imprisonment on Count Eight. (Doc. 20). Movant appealed, arguing only that the trial court erred by failing to order that his federal sentence run concurrent with his undischarged state sentences, so that he would receive credit to his federal sentence. (Docs. 21, 38 at 3). The Eleventh Circuit affirmed Movant's convictions and sentences. (Doc. 38 at 8). On October 6, 2008, the United States Supreme Court denied his petition for a writ of certiorari. (Doc. 40).

2

On February 12, 2009, Movant filed the instant motion to vacate his sentence claiming that:

(1) his guilty plea was involuntary because the Government breached the plea agreement by failing to:
   a. recommend a sentence reduction based on his acceptance of responsibility,
   b. advise the Court regarding the extent of his cooperation, and
   c. recommend a sentence at the low end of the Sentencing Guidelines range; and

(2) his counsel was ineffective for erroneously advising him that:
   a. he would likely receive a sentence of life or 30 years of imprisonment if he elected to proceed to trial, and
   b. his federal sentence would be credited for the time he had already spent in state custody.

(Doc. 45 at 5, brief at 2-8).

The Government responds that Movant's claims were either resolved adversely on direct appeal or are procedurally barred. (Doc. 48 at 6-8). The Government further responds that Movant has not shown deficient performance by counsel or prejudice. (Id. at 8-11).

## II. DISCUSSION

## A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

4

## B. Procedurally defaulted claim regarding voluntariness of guilty plea

Movant claims that his guilty plea was involuntary because the Government breached the plea agreement by failing to (a) recommend a sentence reduction based on his acceptance of responsibility, (b) advise the Court regarding the extent of his cooperation, and (c) recommend a sentence at the low end of the Sentencing Guidelines range. (Doc. 45, brief at 6-8). Movant did not raise this claim on direct appeal. (See Doc. 38).

A criminal defendant who fails to object raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. United States v. Frady, 456 U.S. 152, 167-68, (1982); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir.1994). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule, or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective-assistance-of-counsel claim may

5

constitute cause), cert. denied, 531 U.S. 1131 (2001).  In order to establish that a failure to review a defaulted claim will result in a fundamental miscarriage of justice, Movant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" not presented at trial.  Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

Movant has not explained why he failed to raise this claim on direct appeal, attempted to show cause to excuse the procedural default, or alleged a fundamental miscarriage of justice.  Accordingly, this Court finds that Movant's claim that his guilty plea was involuntary is procedurally defaulted.

**C.    Merits of Movant's ineffective-assistance claims**

As an initial matter, this Court notes that Movant's ineffective-assistance of counsel claims are not subject to the procedural default rule, and, thus, this Court will address each claim on the merits.  See Massaro v. United States, 538 U.S. 500, 508-09 (2003) (noting that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

AO 72A
(Rev.8/82)

The standard for evaluating ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

First, Movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Second, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. Id. at 694. That is, Movant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A petitioner's bare allegation that he or she would not have pleaded guilty is insufficient to establish prejudice. United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985).

7

Movant claims that counsel misadvised him that he faced a possible sentence of life or thirty years of imprisonment if he proceeded to trial on all counts. (Doc. 45, brief at 2-4). Specifically, Movant asserts that he did not face a possible sentence of life imprisonment on Count Seven of the indictment, pursuant to 18 U.S.C. § 924(c)(1)(C)(ii), because the firearm was not "equipped" with a silencer. (Id. at 3). However, the Government represented at Movant's sentencing hearing that had the case gone to trial, the Government intended to call an expert witness who would have opined that the silencer and gun had been, at some point, "connected and used." (Doc. 27 at 11.) Thus, there was at least some risk that Movant may face a life sentence pursuant to 18 U.S.C. §924(c)(1)(C)(ii). Also, had Movant proceeded to trial and been convicted on Counts Three and Seven, he faced a minimum sentence of thirty years of imprisonment, which is twice as long as the fifteen-year sentence he received by pleading guilty. See 18 U.S.C. § 924(c)(1)(A)(i) (providing a five-year mandatory minimum sentence for using or carrying a firearm during a drug trafficking crime), and § 924(c)(1)(C)(i) (providing a 25-year mandatory minimum sentence for a second conviction for using or carrying a firearm during a drug trafficking crime). Thus, even assuming that counsel was incorrect that Movant faced a possible sentence of life

8

imprisonment, counsel's advice to plead guilty was not deficient. See Hansen v. United States, No. 6:03CV1292, 2006 WL 2375365 at *1, 3-4 (M.D. Fla. Aug. 16, 2006) (finding that counsel's advice to plead guilty on two counts of a seven count indictment was not objectively unreasonable where ultimate 160-month sentence was lower than the 25-year mandatory minimum sentence he would have faced on five counts had he proceeded to trial).

Movant also contends that counsel erroneously informed him that his federal sentence would be credited for the time he had already spent in state custody. (Doc. 45, brief at 4-6). This claim is belied by the record. The plea agreement is silent regarding the effect of Movant's state sentence on his federal sentence. (Doc. 15). During the plea colloquy, Movant acknowledged that no one had promised him anything beyond what was contained in the plea agreement. (Doc. 26 at 12). "[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, Movant has failed to state a claim of ineffective assistance of counsel.

9

### III. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, the Movant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255, (Doc. 791) is **DENIED**.

**IT IS SO ORDERED** this  25th  day of June, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)